## DAVIS v. WYCOFF.

### No. 7202.

Springfield Court of Appeals. Missouri.

Jan. 6, 1954.

Not to be published in State Reports.

Breuer & Northern, Rolla, for appellant.

Dewey Routh, Rolla, for respondent.

BLAIR, Judge.

This is a suit in conversion. The jurisdiction of this Court is not challenged. The action was begun in the Circuit Court of Phelps County by Patricia Davis, respondent, herein referred to as plaintiff, on November 30, 1950, and was tried by a jury, resulting in a verdict for plaintiff in the sum of $1,500. Being dissatisfied with his efforts to secure a new trial, defendant has appealed to this Court. The facts in the case, except the right of defendant to purchase the cattle of plaintiff from Ray Nolan, are not in dispute. The defendant also claims error of the trial court in the instructions it gave to the jury on those facts. Defendant refused to pay plaintiff the value of said cattle, and plaintiff sued defendant therefor.

Plaintiff returned from a visit to her daughter in California and found that one Ray Nolan, with whom she had intrusted the property of her farm, had sold to defendant, as his own, one bull, and later twelve other cattle. There was no question that Nolan had sold said bull and other cattle, as his own, or that defendant had paid Nolan therefor. Nolan disappeared after he received from defendant the purchase price of said cattle. There are some facts in the instruction hereafter set out, which the jury was required to find, of which there is no evidence whatever in the record. But we are unable to see how defendant was injured thereby.

We are confronted with defendant's claim of error by the trial court in the giving of certain instructions to the jury for plaintiff. Instruction 1 was as follows:

"The Court instructs the jury that one who deals with an agent is put upon inquiry as to the extent of the agent's authority and assumes the risk of the agent having, or not having, the authority to bind his principal in the transaction in which they are engaged; therefore, you are instructed that if you find and believe from the evidence that the defendant dealt with Ray Nolan as the agent of the plaintiff in the sale and purchase of the cattle mentioned in the evidence, it was the duty of the defendant to exercise ordinary prudence and to find out what authority the said Ray Nolan had to so deal on behalf of the plaintiff; and the Court further instructs the jury that the defendant assumed the risk of so dealing with the said Ray Nolan, and if you find and believe from the evidence that the said Ray Nolan did not have any authority to sell the plaintiff's cattle to the defendant and receive the money therefor, then your verdict must be for the plaintiff; unless you further find from the evidence that the plaintiff had clothed the said Ray Nolan with apparent authority to deal for her in the sale of said cattle; however, the Court instructs the jury that in order for you to find that plaintiff did clothe the said Ray Nolan with apparent authority to

sell said cattle for her, you must find that the plaintiff did more than just place said cattle in the possession, care and custody of the said Ray Nolan; you must also find and believe that plaintiff gave such possession to Ray Nolan with the fraudulent intent that people dealing with said Nolan be misled, deceived and defrauded by doing so; or you must find and believe that plaintiff actually knew that the said Ray Nolan was holding himself out to the public as the real owner of said cattle and knowing these facts, the plaintiff stood by and allowed the public to believe Ray Nolan without doing any act or saying any word that would acquaint the public with the true facts and the true authority of Ray Nolan; and unless you find and believe from the evidence that plaintiff did any one of these things, then your verdict must be for the plaintiff." The trial court refused to admit in evidence the testimony of defendant's witness Pitts as to the contents of a letter Pitts claimed he had received from plaintiff, in which plaintiff authorized the sale of such livestock. There was no proof that said Pitts was familiar enough with the handwriting of plaintiff to testify concerning the contents of such letter, if there was such a letter. Besides, no such letter was offered in evidence by defendant.

Defendant cites Barr v. Nafziger Baking Co., 328 Mo. 423, 433, 41 S.W.2d 559, loc. cit. 562, and cases there cited; Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, loc. cit. 567, and cases there cited.

We have examined those cases, and many others, but they only hold that an instruction is improper which assumes a controverted fact.

Finding no error in any of the plaintiff's given instructions, it becomes our duty to approve the verdict of the jury.

It is our conclusion that the verdict should be affirmed.

It is so ordered.

McDOWELL, P. J., concurs.