**Ruth V. JONES, Respondent,**

v.

**MISSOURI PETROLEUM PRODUCTS COMPANY, a Corporation, Appellant.**

No. 47255.

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1960.

Motion for Rehearing or for Transfer to Court en Banc Denied Feb. 8, 1960.

Lusser, Morris & Burns and Rene J. Lusser, St. Louis, for appellant.

Bollow, Crist & Oswald, Shelbina, Edwards, Hess & Collins, Macon, for respondent.

BOHLING, Commissioner.

Missouri Petroleum Products Company, a corporation, appeals from a judgment of $23,000 in favor of Ruth V. Jones for the wrongful death of Ralph Jones, her husband. Defendant claims reversible error was committed in giving plaintiff's verdict directing instruction, the material portions

of which are set forth herein after stating some of the facts.

The collision occurred about 6:00 p. m. July 31, 1957, a clear, dry day, on U. S. Highway No. 36, an east-west highway, about 1.4 miles west of the intersection of Nos. 36 and 63 at Macon, Missouri. As one approaches Macon from the west No. 36 becomes a divided highway with dual lanes, each 24 feet wide, and a grass strip 30 feet wide between the dual lanes. Each dual lane has a center line. The first crossover connecting the eastbound and westbound dual lanes is about 50 feet east of where No. 36 divides. The second crossover, where the collision occurred, is approximately 800 feet east of the first crossover. A third crossover is approximately 400 feet farther east. Each crossover is 24 feet wide. Immediately north of the first crossover is a road that leads north to the west side of the Macon Lake. The second crossover leads into a road that extends north to the Macon Swimming Pool and has a branch that goes "to the dam itself." The Bowzer Service Station is located on the south side of No. 36, with its east driveway "about straight south" of the second crossover and its west driveway about 200 feet west of said crossover.

Ralph Jones, with his wife, their three children and a niece in his 1949 Chevrolet coach, was eastbound in the south half of the south lane of No. 36, intending to go to the Macon Swimming Pool. The testimony favorable to plaintiff warranted findings that Mr. Jones gave an arm signal for a left turn and started entering the north half of the eastbound lane when about 200 or 250 feet west of the second crossover and had his Chevrolet completely on the north half of the eastbound lane when 30 or more feet west of said crossover. Mr. Jones, who had been traveling about 20 m. p. h., slackened his speed and turned into the crossover. While the Chevrolet was headed northeasterly, the hinge part of its left door was struck, without any warning, by the right front

corner of a 1955 International tractor, which was traveling about 40 to 45 m. p. h. and pulling a tank trailer loaded with 34,000 pounds of road oil.

Arbie L. Hogan, an employee of defendant, was the operator of the tractor-trailer combination. He, under the direction of defendant's superintendent, was in the process of delivering a tank of road oil to defendant at Kirksville when the collision occurred. The impact broke the brake line on the tractor-trailer combination and the Chevrolet was pushed 350 feet to the east.

Mr. Jones died in the collision.

Defendant contends plaintiff's verdict directing instruction is reversibly erroneous because it "erroneously assumes" that defendant's vehicle was " 'at or within 100 feet of an intersection' without requiring the jury to find whether or not the crossover mentioned in the evidence was an 'intersection.' " Defendant also contends that "the crossover, mentioned in the evidence, as a matter of law, is not an 'intersection' " within the meaning of Section 304.016, subd. 4 (1957 Supplement MoRS, V.A.M.S. and Laws 1953, p. 590, Section 304.020(10) ), and that Section 304.016, subd. 4, "is not applicable to a Federal four lane divided highway."

We quote the portion of the instruction here involved:

"The court instructs the jury that the law of this state is that the driver of a motor vehicle shall not pass another motor vehicle on the left hand side thereof at or within one hundred (100) feet of any intersection; and that the driver of a motor vehicle overtaking and desiring to pass another vehicle shall sound his horn before starting to pass; and

"The court instructs the jury that if you find and believe from the evidence * * * [here follow certain required findings that are not questioned by defendant, including a finding] that said Chevrolet was east of and ahead of said tractor

and trailer, and if you further find and believe from the evidence that at said time and place said Hogan was passing said Chevrolet at or within .100 feet of an intersection and that in so passing, if he was, said Hogan was negligent, and if you further find and believe from the evidence that said Hogan failed to sound a horn or other warning before attempting to pass and overtake said Chevrolet automobile, if he did, and that such failure was negligence, and if you further find * *" the verdict should be for the plaintiff.

■ Plaintiff does not question the rule that a controverted material fact is not to be assumed in a verdict directing instruction. Kirkham v. Jenkins Music Co., 340 Mo. 911, 104 S.W.2d 234, 237; Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, 567[8]. Plaintiff advances a number of reasons for holding the instruction not reversibly erroneous. As we view this record we need only consider plaintiff's contention that both parties tried the case in the trial court on the theory an intersecting highway was involved.

Morris v. Equitable Assur. Soc. of the United States, 340 Mo. 709, 102 S.W.2d 569, 574[7], states: "It is not reversible error for the court, in its instructions, to assume or to fail to require the jury to find facts which are admitted or which, from the course of the trial and the conduct of the parties, it is clearly and indisputably apparent both parties treated as admitted facts in the case. For discussion of this principle, see Davidson v. St. Louis Transit Co., 211 Mo. 320, 356 et seq., 109 S.W. 583, [593]." This principle was applied in the Davidson case notwithstanding the facts were put in issue in the answer. See also Silverstein v. St. Louis Public Service Co., Mo., 295 S.W.2d 37, 39[1]; Banks v. Koogler, Mo., 291 S.W.2d 883, 891[23, 24]; 88 C.J.S. Trial § 282, p. 774.

Defendant's amended answer contained a general denial of plaintiff's charge that its agent negligently attempted to pass the Chevrolet "at and within 100 feet of an intersecting highway"; but said answer also charged plaintiff's decedent with contributory negligence in failing to move his Chevrolet to the left half of the south lane of the dual highway "upon approaching an intersection" where decedent intended to make a left turn. Defendant's counsel in his cross-examination of plaintiff's witnesses twice referred to the point of collision as "an intersection." One of the grounds in defendant's motions for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence was based upon plaintiff's decedent's being contributorily negligent as a matter of law in failing to move his Chevrolet onto the left half of the south lane of the dual highway "upon approaching an intersection" where he intended to make a left turn. Defendant's instructions Nos. 6 and 7, submitting its defense of contributory negligence, proceeded upon the theory that the collision occurred at an "intersection." Each referred to the place of collision as an "intersection" and to the crossover as an "intersecting highway." Neither required a finding that the crossover was an "intersection" or an "intersecting highway." For instance, instruction No. 7 informed the jury that Missouri law required a motorist upon a divided public highway "intending to make a left turn at an *intersection* to approach the *intersection* in the left lane of traffic." And, if the jury found that Ralph Jones was "in the south lane of a two-lane eastbound highway and intended to make a left turn from said highway onto an *intersecting highway*, if so," and further found "that in approaching said *intersection*," Ralph Jones "did not approach the *intersection* in the left lane of traffic, if so, then he was negligent as a matter of law, and * * *." Italics ours.

■ Whatever omission exists with respect to the finding here involved in plaintiff's verdict directing instruction is common to defendant's instructions directing a verdict on defendant's affirmative factual defenses, and defendant is in no

position to complain. Layton v. Palmer, Mo., 309 S.W.2d 561, 569[17]; Palmer v. Lasswell, Mo., 287 S.W.2d 822, 828[5], and cases cited in the cases mentioned. A case is not to be tried on one theory in the trial court and on another and different theory on appeal. Contour Chair-Lounge Co., Inc. v. Laskowitz, Mo.1959, 330 S.W.2d 817, and cases cited; Deschner v. St. Louis & M. R. Co., 200 Mo. 310, 332, 98 S.W. 737[5], 743.

Defendant's position is not well taken.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.