Joyce **STRATTON**, Respondent,

v.

**KANSAS CITY**, Missouri, A municipal Corporation, Appellant

No. 48857.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1962.

Keith Wilson, Jr., City Counselor, Robert A. Meyers, John J. Cosgrove, Associate City Counselors, L. B. Saunders, Asst. City Counselor, for appellant.

James H. Ottman, David H. Clark, Kansas City, for respondent. Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

WESTHUES, Judge.

Plaintiff Joyce Stratton filed this action against Kansas City, Missouri, seeking damages for personal injuries alleged to have

been sustained when she fell on a sidewalk in the 400 block on 14th Street in Kansas City, Missouri. In the prayer of the petition, plaintiff asked for $50,000. A trial resulted in a verdict for the defendant. Plaintiff's motion for new trial was sustained and the defendant City appealed.

In a previous trial, there was a verdict for plaintiff for $15,000. On appeal, the judgment was reversed and the cause remanded for retrial. See Stratton v. City of Kansas City, Missouri, Mo., 337 S.W.2d 927, where, in an opinion of this court, a detailed statement of the facts may be found.

In the case before us, the trial court sustained plaintiff's motion for new trial on the ground that instruction No. 5, given at defendant's request, was erroneous. In plaintiff's brief, it is claimed that instruction No. 6, given at defendant's request, was also erroneous and justified the granting of a new trial. Before considering the instructions, we shall state facts necessary for a disposition of the points briefed.

Plaintiff was employed by the Red Shield Nursery, a department of the Salvation Army. Plaintiff's duties required her to take a group of small children to class at the Franklin School. On January 18, 1955, at about 11:30 a. m., plaintiff, with a group of children, was on her way from the school to the nursery; while the group was in the 400 block on 14th Street, plaintiff fell on the sidewalk and was injured. Plaintiff testified that the cause of her fall was a defective sidewalk.

There was substantial evidence to sustain a finding that plaintiff's fall and injury were due to a defect in the walk and the evidence justified a submission of the question of liability to a jury. We so held in the previous opinion on the first appeal. See 337 S.W.2d l. c. 930(3).

Defendant claimed that the sidewalk was in a reasonably safe condition; that plaintiff was guilty of contributory negligence; and that her fall was caused by a general condition of snow and ice.

To sustain its theory, defendant introduced evidence that the sidewalk was in a reasonably safe condition. It was conceded that snow had been falling all morning of the day in question and that at the time of plaintiff's fall, the snow was from two to three inches in depth. There was evidence that the sidewalk was covered with snow; also that parts of the walk could be seen and that there was a path through the snow about the center of the walk. Plaintiff testified that she could see parts of the walk; that the cause of her fall was not the snow but the defective sidewalk. Note what she said:

"A I stubbed my toe on an object, Mr. Meyers, that did not move, and fell.

\*　　\*　　\*　　\*　　\*　　\*

"Q Was this object that you struck, what was it?

"A It was the sidewalk.

"Q It was an edge of the sidewalk?

"A It had to be because it didn't move, it couldn't have been anything else or it would have moved.

\*　　\*　　\*　　\*　　\*　　\*

"A I saw the broken sidewalk, partially covered with snow in places.

"Q And you stepped and put your foot right against the broken sidewalk?

"A Yes, sir, I did, I stumped my toe on the sidewalk, I caught it."

Plaintiff's cause was submitted to the jury on the theory that the sidewalk at the point in question had become rough and uneven and that the sidewalk was dangerous and defective and not reasonably safe for the ordinary use of the public. Defendant requested, and the court gave, instruction No. 5 which the trial court deemed erroneous in his order for a new trial. The instruction reads: "The Court instructs the jury that a city is not required to keep

its sidewalks in such an absolutely safe condition as to insure the safety of travel, or free from all slight or trivial defects, but is required to use ordinary care to keep sidewalks in a reasonably safe condition.

"Therefore, you are further instructed that if you find and believe from the evidence that the sidewalk where plaintiff claims to have fallen was in a reasonably safe condition for travel, and if you further find plaintiff fell because of a general condition of snow or ice, then your verdict must be for the defendant."

In respondent's brief, it is stated:

"A. Instruction No. 5 is erroneous for the reason that it permits the jury to exercise a roving commission, to speculate, without the hypothesization of facts or, for that matter, without any evidence in support, as to the cause of Respondent's fall, and was prejudicial in that it misled and confused the jury. (Omitting citations.)

"B. Instruction No. 5 is erroneous for the further reason that it is not a true converse instruction as it goes beyond the mere negativing of Respondent's verdict directing instruction or of an essential element of said instruction. (Omitting citations.)"

If we omit from the instruction the clause, "and if you further find plaintiff fell because of a general condition of snow or ice," instruction No. 5 would constitute a true converse of plaintiff's instruction and theory of recovery. Plaintiff's theory was at the trial, and is on this appeal, that the sidewalk was in a dangerous condition and not safe for ordinary use. An essential element of recovery was that the sidewalk was not in a reasonably safe condition. Instruction No. 5 informed the jury that if the jury found as a fact that the sidewalk was in a reasonably safe condition then a verdict for the defendant was authorized. That is a true statement of the law. See Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, 1. c. 564, 565

(1, 2), and authorities there cited. See also Luettecke v. City of St. Louis, 346 Mo. 168, 140 S.W.2d 45, 1. c. 48, 49(2–4). Respondent's contention that the instruction permitted the "jury to exercise a roving commission, to speculate, without the hypothesization of facts," is without merit. The jury was required to find, before authorizing a verdict for the defendant, that an essential element of plaintiff's case was not supported by the evidence. McCarty v. Milgram Food Stores, Mo., 252 S.W.2d 343.

Now we reach the question, did the clause (which is in the conjunctive), "and if you further find plaintiff fell because of a general condition of snow or ice," render the instruction prejudicially erroneous? In our opinion, it did not.

Respondent, in the brief, says that "Appellant claims that this second phrase is not error for the reason that (1) there was evidence to support this submission and (2) appellant assumed a greater burden than necessary. If the former contention is true, which Respondent denies, then Appellant should have hypothesized those facts allegedly in evidence for the jury to find rather than submitting the conclusion of 'general condition of ice and snow'."

The record disclosed that all parties agreed that snow had been falling all morning of the day plaintiff fell. Plaintiff so testified that she saw children making snowballs and trying to skate; that there were places on the sidewalk where the snow was packed. At the trial, she denied that snow or ice caused her to fall. In our opinion, the record shows that plaintiff had made claims before her case was filed that she had fallen on a sidewalk covered with snow and ice. Plaintiff's notice to the City of her injury contained the following which was read into the record by plaintiff: "'by means of falling over a defective condition in the sidewalk which was covered by snow and ice on the north side of 14th Street approximately in front of 408 West 14th Street, or about ten feet east of the

east curbline of the alley to the east of Franklin School.' "

A police officer, who arrived on the scene a few minutes after plaintiff fell and while plaintiff was still lying on the sidewalk, testified for the defendant. Note his evidence:

"Q And did you ask the lady how she happened to fall, do you recall that?

"A Yes, I did ask her what happened, there at that time.

"Q What did she say?

"A She stated that she had fell on the snow there at that location."

■ A witness, Agnes McMahon, an employee at General Hospital, testified that the clinical history of plaintiff at the time of her admittance contained a note to the effect " '29-year-old white female slipped and fell on the ice about 11 a. m. this morning. Immediately noted considerable pain in right hip region. Also couldn't move the leg without causing increased pain.' " Another notation read: "Fall on street short time ago." We rule that the evidence of the police officer to the effect that plaintiff told him a few minutes after her fall that she had fallen on the snow, the notice to the City of her injury wherein it was stated that plaintiff had fallen over a defective condition in the sidewalk which was covered by snow and ice, plaintiff's evidence that she saw children throwing snowballs and trying to skate, and the notation in the hospital record were sufficient evidence to support a finding that plaintiff's fall was due to a general condition of snow or ice. Instruction No. 5 was not erroneous for lack of evidence to support the finding required therein. Furthermore, we rule that the additional finding requiring that "plaintiff fell because of a general condition of snow or ice" to justify a verdict for the defendant was a burden unnecessarily assumed by the defendant. A finding that the sidewalk was in a reasonably safe condition

was a complete defense. We find nothing in the clause in question that was likely to misdirect or confuse the jury. A finding that "plaintiff fell because of a general condition of snow or ice" is equivalent to a finding that the cause of her fall was the snow or ice. The words "because of" are defined in Webster's Third New International Dictionary to mean "by reason of" and "on account of." The instruction as a whole required the jury to find, in order to return a verdict against plaintiff, that plaintiff's fall was due to the snow or ice and that the sidewalk was in a reasonably safe condition. The instruction contained no misstatement of the law. Such a conjunctive finding was not prejudicial to plaintiff's rights. Glowacki v. Holste, Mo., 295 S.W. 2d 135, 1. c. 140(4–6); Harbourn v. Katz Drug Company, Mo., 318 S.W.2d 226, 1. c. 233(9).

■ Plaintiff, in the brief, says that instruction No. 6 was erroneous because it "erroneously gave the jury a roving commission to speculate on what conditions confronted Respondent at a time when the dangerous and unsafe sidewalk was concealed wholly or partially by snow." Instruction No. 6 reads as follows: "The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in evidence there was a raised place in the sidewalk, and if you further find that plaintiff was, or by the exercise of ordinary care, could have seen said raised place, if any, and if you further find that plaintiff knew, or, in the exercise of ordinary care, could have known that said raised place, if any, rendered said sidewalk dangerous and unsafe for use by one in the exercise of ordinary care for her own safety, in. time to have stepped over or around the same in safety by the exercise of ordinary care, but failed so to do, and if you further find that plaintiff was thereby negligent, and if you find that such negligence, if any, directly caused or directly contributed to cause her fall and injury, if so, then your verdict must be for the defendant."

Plaintiff's requested instruction No. 1, given by the court, contained the following language which authorized a plaintiff's verdict on the theory that if "the public sidewalk at a point" in question "from any cause whatever had become rough and uneven, if so, so that there was a raised place or places of approximately one and one-half inches between one portion of said sidewalk and that portion of said sidewalk immediately adjacent thereto," caused plaintiff's fall and injury. It is evident that plaintiff claimed that raised places in the sidewalk rendered it unsafe. On the question of whether there was any evidence to sustain a finding of contributory negligence, we find that plaintiff had passed over this sidewalk regularly for several years. She testified that she knew its condition; further, that on the day in question, she had in mind that the sidewalk was unsafe. Note her evidence as to what she did as she and the children reached the sidewalk: " * * And I stopped the children because of the condition of the sidewalk, that we were coming onto. I didn't want them playing around in that broken part of the sidewalk as I was afraid they might fall. I didn't want them to get wet or to hurt themselves, and when I did so, I—of course I was turned around facing the children and they were lined up in twoes behind me, in couples, and I told them to be very careful, to watch me, to do as I did, to pick their feet up and to put them down carefully as we were going to go across the bad sidewalk. And I turned around and I made, I think it was two steps and all of a sudden my right toe struck a solid object in the sidewalk, which did not move, and caused me to lose my balance and I fell * * *.

" * * * Q Now, Mrs. Stratton, did you, after you turned around, and took those steps, did you slip or slide on any snow, ice or anything else to cause your fall?

"A *There was no ice, and I did not slip. There was nothing to slip on.*" (Emphasis supplied.)

Note her evidence on cross-examination:

"Q Was the entire sidewalk covered with snow or with—was anything protruding out of it?

"A No, the entire sidewalk was not covered with snow, Mr. Meyers, there was a path of footsteps and part of the sidewalk was showing.

"Q Was what?

"A Showing.

"Q Part of the sidewalk was showing?

"A. You could see it. Part of the sidewalk.

"Q And was it in this pathway that—where you could see part of the sidewalk that you struck your foot on the sidewalk?

"A Yes, sir."

We rule that plaintiff's evidence justified an instruction on contributory negligence and further that the jury was not given a roving commission to find for the defendant.

Plaintiff, in the motion for new trial and in the brief stated that "(a) Instruction No. 6 erroneously directs a verdict in favor of the defendant if the jury find that plaintiff in the exercise of ordinary care saw or should have seen 'a raised place in the sidewalk,' thereby placing a burden upon plaintiff to have avoided any and all raised places, whether concealed or unconcealed, if plaintiff saw or should have seen 'a raised place.'" Instruction No. 6 informed the jury, in substance, that if plaintiff could, in the exercise of ordinary care, have discovered the raised portion of the sidewalk and in the exercise of ordinary care could have stepped over or around the raised portion and failed to do so, and that such failure was negligence and that such negligence caused her to fall and to be injured, the verdict should be for the defendant. We deem it immaterial whether the sidewalk

was covered with snow. Plaintiff testified that she knew of the defects and the raised portion and further that where she fell there was no ice on the sidewalk and nothing to slip on. We rule that the evidence justified the instruction as written.

The court gave an instruction specifically covering the subject of the burden of proof on contributory negligence. The jury was told in plain language that the burden of proof was on defendant to show that plaintiff was negligent. Instruction No. 6 was not prejudicially erroneous.

Plaintiff's theory of recovery and the City's theory of defense were fairly submitted to the jury by the instructions.

The order granting a new trial is reversed with directions to the trial court to reinstate the verdict of the jury and to enter a judgment for the defendant. It is so ordered.

HOLLINGSWORTH and HYDE, JJ., concur.

DALTON, P. J., dissents in separate opinion filed.

DALTON, Presiding Judge (dissenting).

It is with regret that I find it necessary to dissent in this case. As indicated in the opinion, Instruction No. 5 closed with the words "and if you further find plaintiff fell *because of a general condition of snow or ice,* then your verdict must be for the defendant." (Italics ours.) The trial court granted the plaintiff a new trial because of error in the giving of this instruction.

I regard the closing portion of this instruction to be legally and factually erroneous. In fact I find this closing part of the instruction to be confusing and misleading and, to me, it does not make good sense. How could a *general condition of ice or snow* be the direct and proximate cause of plaintiff's fall on the particular sidewalk and at the particular time? The conditions existing where she fell may have been general throughout the city, but she did not fall by reason of these general conditions. She fell because of specific conditions existing on the sidewalk at the place where she fell, and the evidence of both parties was directed to the particular conditions there existing. There was no testimony that the exact conditions existing at this particular place existed any place else in the city.

It therefore seems to me that this portion of the instruction was inconsistent with the theory of either party as evidenced by the testimony offered concerning the cause of plaintiff's fall.

As indictated, plaintiff's testimony tended to show that she stumped her toe on a portion of the broken and uneven sidewalk where she saw "the broken sidewalk partially covered with snow in places." It is true that defendant's evidence supported the theory that the sidewalk at the place in question was "in a reasonably safe condition for travel"; however, defendant offered testimony that plaintiff told various witnesses that she "fell on the snow there *in that location.*" (Italics ours.) There was also evidence that she had said that she "slipped and fell on the ice about 11 a. m. this morning." There was no testimony in the record from which the jury could find that plaintiff fell "because of a general condition of snow or ice" throughout the city. There was conflicting evidence as to the specific conditions at the specific place where she fell, but she either fell by reason of stumping her toe on a portion of the rough and uneven sidewalk or she fell at the particular place because of ice or snow at that particular point. Defendant's evidence further tended to show the specific conditions at the specific place, but, even in argument, appellant city insists "that plaintiff had fallen because of snow or ice *on the sidewalk* instead of any defective condition therein." (Italics ours.) One of defendant's witnesses testified that there was "a path of packed down snow" approximately two feet wide in the middle

of the sidewalk. Another witness for defendant testified to slush and rock salt on the sidewalk.

Defendant also offered a witness who testified that a boy running down the sidewalk bumped into plaintiff and caused her to fall. Clearly there was no testimony by anybody that the general conditions of snow and ice in the city caused plaintiff to fall as contrasted with specific conditions shown to exist at the point where she fell. All of the evidence was directed to the condition of the sidewalk where she fell, either supporting her testimony or the position of the city with reference to conditions at that point. While we agree that there was evidence of a general condition of snow or ice existing in the city, it is our position that there is no evidence from which an inference could be drawn or the jury could find that these general conditions, unless they specifically existed at the point where plaintiff fell, could have been the direct and proximate cause of her fall.

The majority opinion reaches the conclusion that, because of the conjunctive submission of this closing portion of this instruction with a portion that is not subject to criticism, therefore, plaintiff's rights could not have been prejudiced. We think that matter was for the trial court, and the fact that the trial court granted a new trial because of this instruction is certainly some evidence that the court considered the instruction prejudicial to plaintiff's rights even though this confusing, misleading and improper statement was conjunctively joined with a proper statement of the law and a proper submission of facts.

Since the instruction was not technically correct and was unsupported by evidence tending to show that conditions throughout the city, other than on the particular sidewalk, had anything to do with plaintiff's fall, we think it was within the trial court's discretion to grant plaintiff a new trial. Further, we think the trial court was in a far better position to determine whether plaintiff's rights were prejudicially affected by this closing portion of the instruction than is this Court, and this Court should defer to the finding of the trial court that the instruction was erroneous and in granting plaintiff a new trial. It is well settled that this Court will be much more liberal in sustaining a motion for a new trial where granted by the trial court than in granting a new trial to an appellant where the trial court has overruled his motion for a new trial.

I would affirm the order granting plaintiff a new trial.