**690**

Joseph SANFILIPPO, Appellant,

v.

Charles John BOLLE, Jr., Respondent.

No. 51050.

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1965.

Earl R. Blackwell, Hillsboro, for appellant.

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment entered pursuant to jury verdict in his suit for $25,000 for the wrongful death of his minor daughter, Maria Sanfilippo.

Maria was a passenger in an automobile operated by Delores Sanfilippo, her mother, which was proceeding southward in the east lane of the two southbound lanes of U. S. Highway 61–67. She had her "blinker signal" on and intended to turn left to enter a market which she and her husband operated. Defendant Charles J. Bolle, Jr., was proceeding northward on the highway, and as he approached the Sanfilippo automobile, he moved into the west lane of the two northbound lanes to pass an automobile operated by Charles F. Cash. Mrs. Sanfilippo testified that defendant "swung out" from behind the Cash automobile at a speed of 70 to 75 miles an hour and came "over the yellow line" and "into the left inner lane of the southbound traffic," and sideswiped her automobile on its right side. Defendant testified that he was driving at a speed of 45 miles an hour, that Mrs. Sanfilippo started to cross the highway in front of him, and that he turned left to miss her and the collision occurred. In any event, the Sanfilippo and the Bolle automobiles struck each other in a sideswiping collision, Mrs. Sanfilippo lost control of her automobile as a result thereof, it crossed the northbound lanes of the highway, and

was then struck headon by the Cash automobile. Maria sustained injuries which resulted in her death. This action is by Maria's father against Bolle only.

The theory of plaintiff's case, as submitted by his verdict directing instruction, was that "defendant drove and operated his automobile from the northbound lane of said highway, across the center line and into the southbound lanes thereof, colliding with the automobile in which * * * Maria Sanfilippo was riding as a passenger * * and * * * the aforesaid conduct * * * constituted negligence on the part of said defendant, and that said negligence * * * directly and proximately caused the collisions mentioned in the evidence and the death * * * [of] Maria Sanfilippo * * *."

At the request of defendant the trial court gave Instruction D4, the first paragraph of which was as follows:

"The Court instructs the jury that the plaintiff cannot recover from the defendant Charles John Bolle, Jr., unless he has proved that *Maria Sanfilippo came to her death because of the collision of Mrs. Sanfilippo with the Bolle automobile,* and that such collision was caused by negligence of the defendant Charles John Bolle, Jr. Unless plaintiff has proved such facts, it is your duty to, and you must, find the verdict in favor of the defendant Charles John Bolle." (Italics added.)

The instruction purports to be a converse instruction on the issue of negligence in that the jury is told that plaintiff cannot recover unless it found that the collision between the Sanfilippo and Bolle automobiles "was caused by negligence of the defendant." It also conjunctively includes what apparently purports to be a converse of proximate cause, in that the jury is told that plaintiff cannot recover unless it found that Maria "came to her death because of the collision" of the Sanfilippo and Bolle automobiles. Plaintiff asserts

this instruction was erroneous because by it the jury was told that "before they can find for plaintiff they must find that Maria Sanfilippo died in the collision with the defendant's automobile." What plaintiff apparently means is that the instruction told the jury that in order for them to find in favor of plaintiff and against Bolle, they were required to find that Maria died as the result of injuries sustained in the sideswiping collision. If this is true, the instruction was erroneous.

Defendant argues that the dictionary definition of the words "because of" is "by reason of" or "on account of," and he asserts that plaintiff attempts to construe the words "because of" to mean "in." He relies on Stratton v. Kansas City, Mo., 362 S.W.2d 558. There an instruction submitted that "if you find and believe from the evidence that the sidewalk where plaintiff claims to have fallen was in a reasonably safe condition for travel, and if you further find plaintiff fell because of a general condition of snow or ice, then your verdict must be for the defendant." In analyzing the meaning of the words "because of" as there used, this court said: "The instruction as a whole required the jury to find, in order to return a verdict against plaintiff, that plaintiff's fall *was due* to the snow or ice and that the sidewalk was in a reasonably safe condition." Applying this analogy to this case, Instruction D4 told the jury that plaintiff could not recover unless it found (1) that the sideswiping collision "was caused by negligence of defendant," *and* (2) that Maria's death *was due* to that sideswiping collision. In Merrill v. Los Angeles Gas & Electric Co., 158 Cal. 499, 111 P. 534, 31 L.R.A.,N.S., 559, 139 Am.St.Rep. 134, the use of the words "because of" in an instruction was held to be equivalent to the word "caused." In that event, Instruction D4 told the jury that plaintiff could not recover unless it found (1) that the sideswiping collision "was caused by negligence of defendant," *and* (2) that Maria's death was *caused* by that sideswiping collision.

■ Whether an instruction is confusing or misleading depends on how it would be understood by a jury composed of ordinary intelligent laymen when it is read and considered with the other instructions. Smith v. Stanolind Pipe Line Co., 354 Mo. 250, 189 S.W.2d 244; Breshears v. Union Electric Company, Mo., 373 S.W.2d 948. In this case, the evidence showed that the Sanfilippo automobile was involved in two collisions, and plaintiff's verdict directing instruction refers to the negligence of Bolle which "directly and proximately caused the collisions * * * and the death * * * [of] Maria Sanfilippo." The evidence also indicated that in all probability the sideswiping collision did not cause any injuries to Maria that would be serious, much less fatal. The logical conclusion from the evidence, under plaintiff's theory, was that Bolle negligently crossed the center line and sideswiped the Sanfilippo automobile which caused Mrs. Sanfilippo to lose control of her automobile, and as a result thereof it was struck headon by the Cash automobile. Under this theory it was immaterial whether the injuries sustained by Maria which caused her death were received only in the first or in the second collision or partially in both.

■ Perhaps it may be said, strictly speaking, that even if Maria did not sustain any injury whatever in the sideswiping collision that her death resulted "because of" it for the reason that it was a contributing proximate cause of Mrs. Sanfilippo losing control of her automobile and permitting it to cross the highway and be struck headon by the Cash automobile. But in our opinion that is speaking too strictly. It is not properly a question of what was the proximate result of the first collision, but what was the proximate result of defendant's negligence. If defendant wanted to converse the submission that his negligence was the proximate cause of Maria's death he could have easily done so. Instead he employed a confusing and misleading instruction which to an ordinary intelligent layman would easily, and we think most probably, be construed to mean that plaintiff was not liable for Maria's death unless her death resulted from injuries sustained in the sideswiping collision with his automobile. "We have held that to give an instruction, even though technically correct, which is misleading because it fails to cover the entire situation, leaves in doubt the real issues, and confuses the jury as to applicable rules of law is reversible error." Freeman v. Berberich, 332 Mo. 831, 60 S.W.2d 393; Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S.W.2d 673; Peppers v. St. Louis-San Francisco Ry. Co., 316 Mo. 1104, 295 S.W. 757; Dowd v. Schoening, Mo.App., 276 S.W.2d 478. Instruction D4 was misleading in that it ignored the sideswiping collision as a contributing cause of Maria's death, and its reference to it as the cause of Maria's death was based on the use of the equivocal words "because of;" it confused the real issue, that is, whether defendant's negligence, if the jury found he was negligent, was the proximate cause of Maria's death; and it was confusing in that it indicated that as a matter of law defendant was not liable unless Maria's death resulted from injuries sustained in the sideswiping collision.

We are supported in our construction of the language used in the instruction in that defendant placed on it precisely the same meaning. Note defendant's argument to the jury: "These pictures [of the Bolle automobile] demonstrate what Mr. Bolle has been telling you, the point I've been trying to get across to the jury from the time we started this morning. There's a sideswiping damage to the Bolle automobile. *That's not the kind of accident that would produce the death of this infant.* * * * Now let's look at the damage to the Sanfilippo car. That kind of damage wasn't done in any sideswipe collision. That kind of damage was done when she ran over here angling across the highway and when the front end of Cash's car plowed into her. That's the thing that did that damage. That's not the impact between Mrs. Sanfilippo and the Bolle car that brought that

about." (Italics added). It is true that plaintiff did not object to the above argument, but he did object to the instruction, and we quote the argument to show that defendant placed the same meaning on the instruction that we conclude a jury would have placed on it. In our opinion Instruction D4 constituted a misdirection and therefore was prejudicial.

Other contentions of error made by plaintiff need not be considered because their nature is such that they probably will not again occur in the event of a new trial.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.