**Joseph SANFILIPPO, Plaintiff-Appellant,**

**v.**

**Charles John BOLLE, Jr., Defendant-Respondent.**

**No. 52929.**

Supreme Court of Missouri, Division No. 2.

Oct. 14, 1968.

Earl R. Blackwell, Hillsboro, for appellant.

Samuel Richeson, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for respondent.

HYDE, Special Commissioner.

Action for $25,000.00 damages for wrongful death of plaintiff's minor daugh-

ter in an automobile collision. The jury found for defendant and plaintiff has appealed from the judgment entered.

This appeal is from the second trial of this case. A judgment for defendant on the first trial was reversed and remanded for error in an instruction. Sanfilippo v. Bolle, Mo.Sup., 396 S.W.2d 690. Plaintiff desires to adopt the statement of facts in the former opinion which is as follows:

"Maria was a passenger in an automobile operated by Delores Sanfilippo, her mother, which was proceeding southward in the east lane of the two southbound lanes of U. S. Highway 61–67. She had her 'blinker signal' on and intended to turn left to enter a market which she and her husband operated. Defendant Charles J. Bolle, Jr., was proceeding northward on the highway, and as he approached the Sanfilippo automobile, he moved into the west lane of the two northbound lanes to pass an automobile operated by Charles F. Cash. Mrs. Sanfilippo testified that defendant 'swung out' from behind the Cash automobile at a speed of 70 to 75 miles an hour and came 'over the yellow line' and 'into the left inner lane of the southbound traffic,' and sideswiped her automobile on its right side. Defendant testified that he was driving at a speed of 45 miles an hour, that Mrs. Sanfilippo started to cross the highway in front of him, and that he turned left to miss her and the collision occurred. In any event, the Sanfilippo and the Bolle automobiles struck each other in a sideswiping collision, Mrs. Sanfilippo lost control of her automobile as a result thereof, it crossed the northbound lanes of the highway, and was then struck head-on by the Cash automobile. Maria sustained injuries which resulted in her death. This action is by Maria's father against Bolle only." Although plaintiff's brief in this respect does not comply with Civil Rule 83.05(e), V.A.M.R., and is a method that should not be followed, we will not dismiss the appeal because of the two questions raised, there being no contention that plaintiff failed to make a submissible case. On the two issues raised, we will consider additional facts stated by defendant.

The two points raised by plaintiff are that the court erred in giving Instruction No. 5 authorizing a verdict for defendant if Mrs. Sanfilippo was negligent (drove on the wrong side of the road) and that the court erred in admitting in evidence the first petition in this action against Cash alone, plaintiff having later dismissed against him after Bolle was made a defendant with him.

Mrs. Sanfilippo was never a party to this action. She did recover for her own personal injuries on a crossclaim in another action in which she was a defendant. See Cash v. Bolle and Sanfilippo, Mo.Sup., 423 S.W.2d 743. Sec. 537.080, RSMo, V.A.M.S., now authorizes action by either parent "for the use and benefit of both" if they "decline or refuse to join." Plaintiff's claim of error in giving Instruction 5, and refusing his Instruction 4 authorizing a verdict on defendant's negligence without reference to Instruction 5, is that her negligence is no bar to his recovery, citing Reynolds v. Thompson, Mo.Sup., 215 S.W.2d 452, and Carney v. Chicago, R. I. & P. Ry. Co., 323 Mo. 470, 23 S.W.2d 993. The leading case on this is Herrell v. St. Louis, S. F. Ry. Co., Banc, 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470, which held (overruling earlier cases) the negligence of one spouse was not a defense to the action brought by both. This case (likewise the Carney case) was brought under the old penalty section (then 4217, RS 1919) which was repealed, Laws 1955, p. 778. Under that section both parents had to join. See Clark v. Kansas City, St. L. & C. Ry. Co., 219 Mo. 524, 118 S.W. 40. The penalty to be recovered was indivisible and for that reason it was held in Herrell, 23 S.W.2d l. c. 104, "that the father's contributory negligence was not an allowable defense to cause of action in which he had neither a separable nor a certain interest." However, it was pointed out, 23 S.W.2d l. c. 105, that it was not charged "that the asserted acts of negligence on the part of respondent David

Herrell were committed in the prosecution of a joint enterprise to which the respondent Lizzie Herrell was a party—nothing to show a relation of master and servant or principal and agent between them—nothing, in fact, to show that his alleged contributory negligence was chargeable to her."

■ Reynolds v. Thompson, supra, was not under the penalty section but the persons entitled to sue were those designated in the penalty section. Secs. 3652, 3653, 3654, RS 1939. It was assumed that the recovery authorized likewise was indivisible. Nevertheless, in holding the negligence of the wife in that case, in the driving into collision with a train, could not be imputed to her husband, we said (215 S.W.2d l. c. 454): "No joint enterprise or agency between husband and wife is shown." See also Dooley v. Dooley, Mo.App., 290 S.W.2d 856, 858. The compensatory section (now 537.080) was amended in 1955 (Laws 1955, p. 778) but does provide whether the action is brought by one or both parents that it is maintained "for the use and benefit of both." Therefore, we consider that, absent joint enterprise or agency, the negligence of one would not be a defense.

■ However, in this case Mrs. Sanfilippo testified: "We had a produce market right on Highway 67 * * * I went down to Soulard Market and picked up some produce and I had gotten some Easter things for the holidays." The collision occurred while she was returning from this trip and had almost reached their market. She further testified: "Q All right. You and your husband were engaged in the operation of this market together?

"A Our family was, also, yes, sir.

"Q And you were on business for the family, that is, for you and your husband in that you were hauling produce from the produce market in the back of the station wagon? A Yes.

"Q And that was for your produce market? A Yes."

This testimony was sufficient to make a jury issue of agency but we do not consider it conclusive. Therefore, Instruction 5 was deficient in ignoring that issue and in failing to require a finding on that issue. See Missouri Approved Jury Instructions 18.01 and this notation concerning it: "When the issue of agency is submitted, the appropriate definition must also be submitted. See 13.02 to 13.06." It is not completely clear whether Mrs. Sanfilippo and plaintiff were partners or whether he was the owner and she was making the trip as his agent. However, "rights and liabilities of partners with respect to each other or to third persons are largely determined by agency principles * * *. Each of the partners becomes the agent of the others." Wolfe v. Harms, Mo.Sup., 413 S.W.2d 204, 215, 216.

■ As to the admission in evidence of the original petition against Cash, plaintiff points out that his original petition made only a general allegation of negligence stating only that "through the carelessness and negligence of the defendant, a collision occurred which resulted in the death of said infant." Plaintiff says reading this petition in evidence could not have been material to any issue of negligence of Bolle; that this general allegation of negligence against Cash could not relieve negligence of Bolle, and could not constitute an admission against interest as to plaintiff because it is not a denial that Bolle was also negligent; and that it was not inconsistent with plaintiff's subsequent claim of negligence against Bolle. Abandoned or superseded pleadings are admissible as evidence of admissions against interest contained therein. Bledsoe v. Northside Supply & Development Co., Mo.Sup., 429 S.W.2d 727, 730, and cases cited; see also Missouri cases cited in Annotation, 52 A.L.R.2d 525. However, we do not consider the allegation in the original petition herein to be an admission that Bolle was not negligent. It is of course well settled that for injury or damage caused by concurrent negligence of two parties each is liable and it is proper to

sue and recover from either or both. An allegation that one is negligent is not an admission that another is not negligent, particularly where as here only a general allegation of negligence was made. Such an allegation does not possess the characteristics inherent in admissions against interest. See Johnson v. Flex-O-Lite Mfg. Corp., Mo.Sup., 314 S.W.2d 75, 79.

In Macheca v. Fowler, Mo.Sup., 412 S.W.2d 462, there was a collision of four cars caused by one striking plaintiff's car from the rear. Plaintiff sued the drivers of the other three cars but summary judgment motions of the drivers of the two cars ahead of plaintiff's car were sustained. As to the other defendant, plaintiff submitted on the rear-end collision theory and the jury found for defendant. The trial court granted a new trial, among other grounds, on plaintiff's claim of error in permitting introduction into evidence plaintiff's allegations of negligence against the drivers of the two cars ahead of plaintiff's car. In that case there were allegations of specific negligence against these two drivers for failing to signal their intention to stop. Defendant argued plaintiff's previous claim that the two drivers ahead of his car made sudden unsignaled stops was important on the issue of his negligence. We said: "Here, plaintiff charged the three defendants with acts of 'combined and concurring negligence.' The failure of his charges against the other two defendants did not defeat his right to continue to assert against the defendant here the matters alleged as negligence on this defendant's part. Plaintiff had the right to try his case on the issues made against this defendant without regard for the charges previously made against the two involuntarily dismissed defendants." 412 S.W.2d 1. c. 465. We recognized therein, 412 S.W.2d 1. c. 466, that an abandoned pleading would be admissible where "a party-witness has testified contrary to a purely factual allegation of his pleadings." Likewise, it should be admissible if facts are alleged which the party claims at the trial he did not know. Bled-

soe v. Northside Supply & Development Co., supra, 429 S.W.2d 1. c. 730; see also 4 Wigmore on Evidence 61, Sec. 1067.

The judgment is reversed and cause remanded.

PER CURIAM.

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.