James W. JIMENEZ, Appellant,

v.

BROADWAY MOTORS, INC., a Corporation, and Ford Motor Company, a Corporation, Respondents.

No. 53991.

Supreme Court of Missouri, Division No. 2.

Oct. 13, 1969.

Samuel L. Trusty, Kansas City, for plaintiff-appellant; Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

James H. Ottman, Ross T. Roberts, Kansas City, for respondent Broadway Motors, Inc.; Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

John R. Caslavka, Kansas City, for respondent; Shughart, Thomson & Kilroy, Kansas City, of counsel.

**316**

P. F. PALUMBO, Special Judge.

This is a breach of warranty case. Plaintiff sued Broadway Motors, Inc., the dealer from whom plaintiff purchased a new 1965 Ford automobile, and Ford Motor Company, the manufacturer. The verdict of the jury was for both defendants and plaintiff has appealed.

We shall refer to the parties as they appeared in the trial court.

The sole issue presented in this appeal is whether the trial court erred in refusing to permit plaintiff to read into evidence, for the jury's consideration as an admission against interest, a part of defendant Ford's abandoned answer to plaintiff's first amended petition. We hold the court did not err and affirm.

Plaintiff claims personal injury and property damage to his vehicle, a 1965 Ford Fairlane Sedan, as the result of an accident on May 15, 1965. Plaintiff in his petition alleges that the steering mechanism became locked or jammed and said automobile could not be turned to the right and it was thereby caused to sideswipe an eastbound automobile and to collide headon with another automobile; that plaintiff was seriously injured; that when the automobile was sold to plaintiff by defendant Broadway Motors, Inc., it was not fit and suitable for the purpose for which it was to be used; that he took the automobile to Broadway Motors, Inc., and informed those in charge that there was some peculiarity with the steering parts and it would not always properly steer the car and directed said defendant to take care of such steering condition; that he went back to Broadway Motors, Inc., and was told that it had been corrected.

The portion of the abandoned answer of defendant Ford Motor Company which is relevant to the issue presented is as follows:

"(2) That this defendant admits and pleads that it is a corporation duly organized and existing according to law; that this defendant denies each and every allegation, statement and averment contained in plaintiff's petition except only the allegation contained in said first amended petition and specifically admitted and pleaded in this paragraph of this answer.

"(3) That if plaintiff suffered any injuries, and/or damages, all of which is denied, said injuries and damages were solely and proximately caused, or directly and proximately contributed to by the carelessness and inattention of plaintiff for his own safety in operating or permitting the operation of the vehicle at a high, dangerous and excessive rate of speed under the conditions then and there existing; *and in operating or permitting the operation of the vehicle in its then mechanical condition;* and in failing to exercise the highest degree of care for his own safety; and in operating or permitting the operation of the vehicle into the pathway of an on-coming vehicle, and that each and all of said negligent acts and omissions on the part of the plaintiff, acting separately and jointly and independently and concurrently, solely and directly caused or directly and proximately contributed to cause the injuries and damages complained of, and this defendant is not liable therefor." (Emphasis supplied.)

During the presentation of the plaintiff's evidence the following proceedings took place:

"MR. CONWAY: The plaintiff offers in evidence as an admission—if you can find it why don't you just read that—the part underlined in red, as admission against the Ford Motor Company.

"THE COURT: Is this an abandoned pleading?

"MR. KILROY: We object to that. If it isn't a pleading it has no materiality or relevancy, has no probative force in this case.

"THE COURT: Sustained.

"MR. CONWAY: Let the record show we offer, and I want to make my record on this, those portions of the abandoned pleadings in the Answer of Defendant Ford Motor Company to Plaintiff's First Amended Petition as follows: paragraph 3, 'That if plaintiff sustained any injuries, and/or damages, all of which is denied, said injuries and damages were solely and proximately caused, or directly and proximately contributed to by the carelessness and inattention of plaintiff for his own safety in operating or permitting the operation of the vehicle in its then mechanical condition;' and this offer is made because this is an admission that the plaintiff was guilty of negligence in operating this vehicle in that its mechanical condition would necessarily mean that it was defective.

"For the record, I think we should have this abandoned pleading given a number. Can we do that?

"MR. KILROY: You have dictated it in there, I don't know what more you want.

"I object to the offer for the reasons previously stated.

"THE COURT: Sustained."

▮ Pleadings are addressed to the court and not to the jury and therefore generally are inadmissible in evidence in the same case. "The mischief of bringing trial pleadings before the jury is readily apparent: if one pleading is read, another could be read in explanation of it and utter confusion would result." Littell v. Bi-State Transit Development Agency, Mo. App., 423 S.W.2d 34, 39; Johnson v. Flex-O-Lite Mfg. Corp., Mo., 314 S.W.2d 75. An exception to this rule against using pleadings in evidence is in the use of abandoned pleadings. Abandoned pleadings may be used in evidence when they contain admissions against interest and may be used to impeach a witness or as admissions against a party's interest. Littell v. Bi-State Transit Development Agency, supra.

▮ We are here concerned with the question of whether that part of defendant Ford's abandoned answer, to-wit: *"and in operating or permitting the operation of the vehicle in its then mechanical condition"* is an admission against the defendant's interest.

It would be an unreasonable construction of the above quoted portion of defendant's abandoned answer to hold that by it defendant admitted that the automobile it had sold plaintiff was defective. The language in question is not an admission of anything at all, much less of the fact of defectiveness asserted by the plaintiff. Consequently, it cannot be admissible as an admission against interest.

Furthermore, plaintiff seeks to use this statement even though the answer interposes a general denial. That is followed by a plea of contributory negligence which contained the language in question, to-wit: "and in operating or permitting the operation of the vehicle in its then mechanical condition." Therefore, one of the matters denied in this answer was the existence of the defective condition which was alleged by the plaintiff. The amended answer filed by Ford likewise contained a general denial plus a plea of contributory negligence, although the latter was in somewhat different language.

▮ A general denial and a plea of contributory negligence in a single answer are not inconsistent defenses. Howell v. Dowell, Mo.App., 419 S.W.2d 257; Kleinlein v. Foskin, 321 Mo. 887, 13 S.W.2d 648. The joinder of such pleas is specifically permitted by Supreme Court Rule 55.12, V.A.M.R. To hold that defendant Ford's pleading of contributory negligence was admissible as an admission against interest would be to negate the defendant's right to plead in the alternative given by Supreme Court Rule 55.12.

We have read all the cases cited by plaintiff. In our opinion they are not applicable to the sole question involved here.

While several of the cases do involve allegations made in contributory negligence pleas, in none of the cases was the court more than collaterally concerned with the defendant's admission by pleading. In none does it appear that the issue presented herein was raised, argued and specifically decided by the court.

Judgment affirmed.

MORGAN and FINCH, JJ., concur.

DONNELLY, P. J., not sitting.