**Patricia Louise BRAY n/k/a Patricia Louise Coleman, Petitioner-Appellant,**

v.

**Kenneth Wayne BRAY, Respondent.**

**No. 43642.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Susan B. Blaney, Donald S. Hilleary, Clayton, for petitioner-appellant.

Theodore S. Schechter, Schechter & Collignon, Clayton, for respondent.

SNYDER, Judge.

This is an appeal from a judgment awarding attorney fees to respondent, Kenneth Wayne Bray, in a proceeding on a motion to modify a dissolution decree. The judgment is affirmed.

Appellant, Patricia Louise Bray, now known as Patricia Louise Coleman, claims that considering all the relevant statutory and evidentiary factors the trial court erred in awarding attorney fees to respondent. Appellant also charges the trial court erred in awarding attorney fees because respondent abandoned his claim for the fees during his testimony at trial.

The parties' marriage was dissolved in July, 1978. At that time, the court awarded custody of the parties' sons, Kenneth, aged 9, and Patrick, aged 5, to respondent. In June, 1979, appellant filed her motion to modify seeking custody of the boys.

In her motion appellant averred that respondent's financial situation had deterio-

rated and hers had greatly improved. She specifically averred that she had a combined annual income with her present husband of over $30,000; that she had a family home worth between $50,000 and $60,000; and that she had an excellent credit rating.

Respondent answered appellant's motion and filed his own motion to modify requesting child support and attorney fees. Appellant subsequently amended her motion four times and entered three motions to cite respondent for contempt. After discovery on the motions was completed and after one day of trial appellant withdrew all her motions without prejudice, and the parties entered into an agreement modifying the dissolution decree by eliminating appellant's right to reasonable visitation and modifying her right to temporary custody.

At the trial of respondent's motion to modify in which he asked for child support and attorney fees, respondent testified that he had an income between $20,000 and $25,000. He also testified that he had incurred $5,000 in attorney fees defending appellant's motions and that he was unable to pay these fees. He testified that he had to borrow $2,500 from his father in order to make a partial payment on the bill.

Appellant testified that she had no income and that her present husband supported her. At respondent's request the court took judicial notice of appellant's averments concerning her financial position in her withdrawn motion to modify. Appellant admitted making these statements but explained that those statements reflected her present husband's financial situation. She admitted claiming a combined income of $30,000 but explained that her contribution to the combined income was zero. The trial court denied respondent's motion for child support, but awarded him $2,500 in attorney fees.

Appellant's main contention is that respondent presented no evidence of appellant's ability to pay. The point is ruled against her. Awards of attorney fees are in the broad discretion of the trial court. Such awards will not be overruled unless there is a manifest abuse of discretion. *Vi-*

*ers v. Viers,* 600 S.W.2d 214, 216[5, 6] (Mo. App.1980); *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 425[7] (Mo.App.1979). Before granting attorney fees the court must consider all relevant factors including the financial resources of the parties. § 452.355, RSMo 1978. The financial resources of the parties are a factor, but not a controlling factor. *Kieffer v. Kieffer,* 590 S.W.2d 915, 918[6] (Mo. banc 1979). The moving party, however, must present evidence of the other party's ability to pay the fees. *Hebron v. Hebron,* 566 S.W.2d 829, 836 (Mo.App. 1978).

Respondent did present evidence of appellant's ability to pay. At respondent's request the court took judicial notice of appellant's pleadings in her withdrawn motion to modify. Courts may take judicial notice of their own records. *Hawkins v. Hawkins,* 462 S.W.2d 818, 826[9–11] (Mo. App.1970). In those pleadings appellant claimed to be in an excellent financial position. She claimed to have a combined income of $30,000, own a $50,000 home, and have an excellent credit rating. Such statements in abandoned pleadings are admissible as admissions against interest and for impeachment. *Jimenez v. Broadway Motors, Inc.,* 445 S.W.2d 315, 317[1, 2] (Mo. 1969); *Yeager v. Wittels,* 517 S.W.2d 457, 466[12] (Mo.App.1974).

The trial court, therefore, had substantial evidence of appellant's ability to pay. The trial judge also could have considered the lack of merit of appellant's numerous motions which were subsequently withdrawn. Under the standard of *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), this court cannot find, based on all the relevant circumstances, that the trial court erred in granting attorney fees to respondent.

Appellant's second claim that respondent abandoned his claim for attorney fees in his testimony at trial is meritless. Appellant's basis for the claim is an out of context quotation in which respondent said, "Not asking her to, to pay me as far as attorney fees. On child support,

yes." When read in context, however, respondent's testimony indicates he wanted appellant to pay, not him, but his attorney. Attorney fees may be awarded directly to the attorney and may be enforced by the attorney in his own name. § 452.355, RSMo 1978. Respondent's statement, therefore, did not constitute abandonment of his claim for attorney fees.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.