**Walter A. DANNEMAN, Plaintiff–Appellant,**

v.

**Bonnie Louise PICKETT, Defendant–Respondent.**

**No. 59517.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 10, 1991.

---

Joan Marie Tanner, Suelthaus & Kaplan, P.C., St. Louis, for plaintiff-appellant.

Stephen D. Hoyne and Mark R. Dunn, Amelung, Wulff & Willenbrock, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Walter A. Danneman, appeals from the judgment, entered pursuant to a jury verdict, in favor of defendant, Bonnie Louise Pickett. Plaintiff claims he suffered bodily injury when he was struck by an automobile driven by defendant. The cause was submitted to the jury on a negligence theory. The jury found in favor of defendant, assessing 100 percent of the fault to plaintiff. We affirm.

The evidence, viewed in the light most favorable to the verdict, discloses that defendant was hired by plaintiff and his wife to care for their two children in the family home. When plaintiff and his wife began experiencing marital discord which led to the dissolution of their marriage, plaintiff and defendant became embroiled in various disputes. On October 29, 1987, plaintiff was picking up his children in accordance with his visitation rights. Plaintiff and defendant quarreled. Defendant got into her automobile which was parked on the street adjacent to plaintiff's home. Plaintiff came over to defendant's vehicle to speak with her. As he was leaving, he got in front of her automobile. Defendant testified that, as she pulled her vehicle forward and away from the curb, she saw

plaintiff jump backward in front of her car. She stated that she stopped her vehicle and did not hit him. Plaintiff testified that he was in front of defendant's vehicle when her car struck him, injuring his leg.

In his first point, plaintiff contends that the trial court erred in permitting defendant to introduce evidence about specific incidents of his prior arguments with her. Plaintiff argues that evidence of his previous behavior was irrelevant to the issue of defendant's negligence. The trial court admitted the evidence on the basis that it gave "color to what happened on the day of the accident" and that it demonstrated "the prejudice or bias of the plaintiff toward the defendant."

■ Evidence in the form of an offered fact is relevant if it tends to prove or disprove a fact in issue, or corroborates evidence which is relevant and which bears on the principal issue. *Lawson v. Schumacher & Blum Chevrolet, Inc.*, 687 S.W.2d 947, 951 (Mo.App.1985). Relevancy is that relationship between the offered fact and fact in issue to such a degree that the truth of the offered fact makes probable the existence of the fact in issue. *Id.* Because the determination is often subjective, a trial court has substantial discretion in ruling on the admissibility of evidence and its ruling will not be disturbed on appeal absent an abuse of discretion. *Id.*

■ At issue in the instant action was whether defendant acted negligently. Defendant denied striking plaintiff with her automobile and stated that plaintiff jumped backward into the path of her vehicle. Evidence of prior altercations was admissible to show the extent of the animosity which existed between plaintiff and defendant. Evidence of the acrimonious nature of the parties' relationship tended to show plaintiff's bias and prejudice toward defendant and called into question plaintiff's credibility with regard to how, or even whether, the accident occurred. The trial court did not abuse its discretion in admitting evidence of plaintiff's prior arguments with defendant. Plaintiff's first point is denied.

In his second point, plaintiff claims the trial court erred in "allowing defendant to question [him] on the allegation of his original petition that defendant had acted intentionally...." Plaintiff filed an amended petition: Count I essentially restated the intentional tort theory of the original petition and Count II alleged negligence. In chambers, the trial court overruled plaintiff's objection to defendant's questioning plaintiff about the original petition. During defendant's subsequent recross-examination of plaintiff, the following discourse occurred:

Q. And in the original petition filed in this court, didn't you allege at Paragraph 3 on or about October 29, 1987, at approximately 4 p.m. in the City of St. Louis; defendant ... did intentionally, willfully, and without justification drive an automobile at plaintiff and hit plaintiff with the automobile in and around the knees and legs?

A. My attorney filed that. I did not sign it.... Once he filed it I figured he was doing the filing on the best interest of myself.

Defendant did not read or offer into evidence Count I of the original petition. When the question was asked, plaintiff neither renewed his objection nor asked the trial court for any other relief.

■ The general rule is that an abandoned pleading may be admitted into evidence in the proceeding in which it was originally filed to establish admissions. *Jimenez v. Broadway Motors, Inc.*, 445 S.W.2d 315, 317 (Mo.1969); *Sanfilippo v. Bolle*, 432 S.W.2d 232, 234 (Mo.1968); *Bray v. Bray*, 629 S.W.2d 658, 660 (Mo.App. 1982). The admission, however, must be an assertion of fact, not a conclusion of law. *In the Matter of the Estate of Mitchell*, 610 S.W.2d 681, 690 (Mo.App.1980). Further, when the pleader pleads alternatively or inconsistently, as permitted by Rule 55.10, such inconsistent or alternative allegations may not be used against the pleader because they do not possess the characteristics inherent in admissions. *Macheca v. Fowler*, 412 S.W.2d 462, 465 (Mo.1967).

In the instant action, plaintiff's original petition pleaded an intentional tort. Count I of the amended petition reiterated the allegations of the original petition and pleaded a second count in the alternative. Because the amended petition did not supplant the original petition, it is questionable whether the original petition was abandoned and therefore admissible against plaintiff as an admission. *Compare Curtain v. Aldrich*, 589 S.W.2d 61, 65 (Mo.App.1979) (amended petition omitted any reference to intentional acts on the part of defendant).

Plaintiff, however, fails to focus on how he was prejudiced by the trial court's allowing defendant's counsel to question him about his original petition. With regard to the admission of evidence, plaintiff must not only point out the alleged error but also show that he was prejudiced by the rulings alleged to be erroneous. *See Bayer v. American Mut. Casualty Co.*, 359 S.W.2d 748, 755 (Mo.1962).

The transcript reveals that defendant asked one question about the original pleading, which plaintiff neither confirmed nor denied. Defendant did not offer the original petition into evidence. Plaintiff did not object at the time the question was posed, and did not move either for a mistrial or to strike the question and answer from the record. Given this record, we fail to see, and plaintiff does not define, what prejudice accrued to him as a result of the trial court's permitting defendant to question him about allegations in the original pleading. Plaintiff's second point is denied.

The judgment is affirmed.

GRIMM, P.J., and SATZ, J., concur.