STATE of Missouri, Respondent,

v.

Robert WALTON, Appellant.

No. WD 51061.

Missouri Court of Appeals,
Western District.

March 12, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Bruce Simon, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

Robert Walton appeals the circuit court's judgment convicting him of stealing more than $150 by deceit. He complains that the state did not establish that Clay County was the proper venue or present sufficient evidence to convict him. He also complains that the state was permitted to present irrelevant evidence tending to show that he committed other crimes with which he was not charged, and he asserts that the prosecutor's closing argument was improper. We have reviewed these matters and find no merit in the claims. We, therefore, affirm.

A jury convicted Walton of stealing more than $150 by deceit by making false reports of robberies to two different insurers. He reported to Metropolitan Insurance Company that two men armed with a revolver took his billfold, watch and two diamond rings while he was near Chicago on October 7, 1988. He later reported to Government Employees Insurance Company (GEICO) that on June 21, 1989, while he was in Omaha, someone pried open his car trunk and stole a watch, two rings, a golden chain, his suitcase full of clothing, and a camcorder.

Metropolitan gave Walton a check for $17,225 payable to Whitten's Jewelry as reimbursement for his loss. Walton convinced John Whitten, owner of Whitten's Jewelry, to accept $3000 from Walton for endorsing the check and returning it to Walton. GEICO paid Walton $22,900 for the jewelry he reported stolen and $2565.28 for the other items.

In the first of the three points Walton raises in appealing his conviction, he asserts that the circuit court erroneously overruled his motions for a judgment of acquittal. He argues that the state did not establish Clay County as the proper venue, so the circuit court did not have jurisdiction. He also argues that the state did not prove that Walton made a false claim to Metropolitan. We disagree.

As to venue, the circuit court correctly ruled that the Missouri courts had jurisdiction to convict Walton. Section 541.191.1, RSMo 1994, says:

This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

(1) Conduct constituting any element of the offense or a result of such conduct occurs within this state; or

(2) The conduct outside this state constitutes an attempt or conspiracy to commit an offense within this state and an act in furtherance of the attempt or conspiracy occurs within this state; or

(3) The conduct within this state constitutes an attempt, solicitation, conspiracy or facilitation to commit or establishes criminal accountability for the commission of an offense in another jurisdiction that is also an offense under the law of this state[.]

Section 570.030.1, RSMo 1994, sets out the elements for stealing: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

■ Because venue is not an essential element, the state is not obligated to prove it beyond a reasonable doubt. It may be inferred from all of the evidence. *State v. Harper*, 855 S.W.2d 474, 480 (Mo.App.1993). "The standard by which venue must be established is whether it could be reasonably inferred by the facts and circumstances that the charged crime occurred within the trial court's jurisdiction." *Id.*

■ Walton lived in Liberty when he made his claims to Metropolitan and GEICO. He called Metropolitan to report his loss. He sent Metropolitan materials outlining his loss in an envelope with his Liberty home address listed as the return address. He notarized a claim of loss statement in Clay County and submitted it to GEICO. The jury could have reasonably inferred that Walton prepared documents deceitfully in Clay County. We affirm the circuit court's conclusion that it had jurisdiction of Walton's case.

As to the sufficiency of the evidence of stealing from Metropolitan, Walton asserts

that the state did not prove that he submitted a fraudulent proof of claim to Metropolitan. Walton contends that the company paid without a proof of loss. The state established a submissible case.

■ The state presented evidence that Walton made telephone calls to Metropolitan in which he reported that he had lost insured property in a robbery. He submitted materials detailing his loss, accepted reimbursement for the loss and never offered to return any of the money. His details of the robbery were vague and contradictory. The jury had a sufficient basis for concluding that the robbery never occurred.

In his second point, Walton asserts that the circuit court erroneously overruled his objection to the prosecutor's closing argument. Walton complains of the prosecutor's argument: "... I'm not really too hurt that insurance company is losing money. But I am hurt about the fact that when my homeowner's insurance gets that, my insurance goes up to cover that." Walton contends that the circuit court should have sustained his objection because the prosecutor intended for the argument to excite or inflame the jury against him by causing them to believe that their insurance rates would increase because of Walton's conduct. He also complains that the argument was outside the scope of the evidence and pleadings.

■ The circuit court has much discretion in deciding what arguments to allow during summations. *State v. Hampton*, 653 S.W.2d 191, 195 (Mo. banc 1983). "This court will not reverse the trial court's ruling on the propriety of counsel's argument unless there has been a clear abuse of discretion" and "only if the complained of comments *decisively* affected the jury's determination or where the argument was *plainly* unwarranted." *State v. Benton*, 812 S.W.2d 736, 741 (Mo.App.1991)(emphasis added). Even assuming the argument to be improper, we find no indication that it decisively affected the jury's determination. We do not discern an abuse of discretion in this case.

In his third point, Walton complains that the circuit court permitted an investigator, Clyde Pace, to testify that, during his investi-

gation, he talked to individuals at insurance companies other than Metropolitan and GEICO. During his second redirect examination of Pace, the prosecutor asked:

Q. Counsel [for Walton] asked you who you did—who you didn't talk to. I want to know who you did talk to in this investigation.

A. I'll need to refer to my notes, sir.

A. Okay, do that. Well, let me just ask you this way. He asked you who you didn't talk to. How many insurance companies did you talk to?

[WALTON'S ATTORNEY]: Your Honor, may we approach?

[PROSECUTOR]: He opened it.

THE COURT: Is that what your objection is on?

[WALTON'S ATTORNEY]: Yes, Your Honor.

THE COURT: His question? It's overruled.

[WALTON'S ATTORNEY]: Very well.

Q. What insurance companies did you talk to about Mr. Walton?

A. Do you need the—

Q. I want to know what people and what insurance companies did you talk to about him.

A. What people and what insurance companies?

Q. Yes, if—give me the names of some people in these insurance companies that you talked to.

A. You want just insurance companies, sir?

Q. Yeah. How about Hartford? Who did you talk to over at Hartford Insurance about Mr. Walton?

[WALTON'S ATTORNEY]: Your Honor, may we approach again?

THE COURT: Yes.

(Counsel approached the bench:)

[WALTON'S ATTORNEY]: I'm going to renew my objection as to materiality. I simply asked him who he talked to, what insurance companies issued these particular policies. That's the Metropolitan policy and the G[EICO] policy. Counsel has sug-

gested that somehow the door was opened up for a broader cross examination— broader redirect examination. I'm sorry, I don't see that. And the implication is that the—the implication counsel is trying to make is that there were other claims of like nature, which are not the subject matter of this indictment, and therefore are immaterial.

THE COURT: You asked who he didn't talk to—

[WALTON'S ATTORNEY]: Yes.

THE COURT: But you didn't specify as to a certain area. I will allow him to ask who he did talk to.... But I will not allow him to get into what he talked to them about.

Walton argues on appeal that the prosecutor's question asked for information which was immaterial and irrelevant. He contends that he was prejudiced by Pace's answers because they suggested that he had made false claims to other insurance companies.

■■■ Evidence is relevant if it tends to prove a fact in issue or to corroborate relevant evidence which bears on a principal issue. Because determining relevancy often is subjective, we extend the circuit court's determination of relevancy "substantial discretion," and we will not disturb its determination on appeal unless we discern "an abuse of discretion." *Danneman v. Pickett,* 819 S.W.2d 770, 772 (Mo.App.1991).

■■■ We do not discern an abuse of discretion in this case. Walton made the scope and thoroughness of Pace's investigation an issue. The circuit court properly concluded that the prosecutor had a right to present evidence bearing on that issue. The prosecutor did not ask what the individuals at the other insurance companies said—only the identity of the persons questioned.

All concur.