Daisy M. FISCHER, Appellant,

v.

KANSAS CITY, Missouri, Respondent.

No. 25238.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Herbert C. Hoffman, City Counselor, Robert A. Dakopolos, Thomas C. Clark, Asst. City Counselors, Kansas City, for respondent.

Roger J. Barbieri, Leo C. Gotschall, Kansas City, for appellant.

MAUGHMER, Commissioner.

Plaintiff was injured by a fall on a sidewalk in Kansas City, Missouri. Alleging that the fall was caused by a defect in the sidewalk, she brought this action against the city for damages. After all her evidence as to liability had been heard, the circuit court directed a verdict for the city and plaintiff has appealed.

Plaintiff says the issue of liability was for the jury and that the court erred in directing a verdict against her. The defendant city says there was no proof of actual notice to the city of the existence of the defect or that it had existed long enough for the city to become chargeable with knowledge of it. Plaintiff's petition alleged it had existed a sufficient time to impute knowledge. The city denied such an assertion only generally, did not raise the issue during the trial nor present the point in its motion for directed verdict. This proposed basis for approving the judgment is denied. The city further says that the judgment should be affirmed because the alleged defect—raised slab of sidewalk of one to one and one-quarter inches is a trivial defect and too slight to legally support a charge of negligence, and for the further reason that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law.

On March 28, 1967, the plaintiff Daisy M. Fischer was an employee of Wilson Athletic Goods store. She had worked there since July of 1966. Usually she rode to work in an automobile with another woman, but on this particular date she rode a bus. Daisy Fischer and Marian Guillaume, a fellow worker, finished their day's work at 4:30 P.M. and started walking north on the sidewalk along the east side of Kensington Avenue. They were going to 9th and Kensington—a bus stop, where they planned to board the bus. Both plaintiff and her companion, Marian Guillaume, testified that when they reached a point about "15 feet from the curb line of 9th Street" the plaintiff "caught her heel in the walk. In the crack in the walk", causing her to fall to the sidewalk and receive injuries. Both estimated the "raised place" in the walk was one to one and one-quarter inches above the sidewalk level.

It is conceded that a bus route runs along 9th Street and that a bus stop is located at 9th and Kensington Streets. Plaintiff testified, "there is quite a bit of business along there", that "cars were parked along the curb" and "it is generally a busy time of day". Both of these witnesses stated that the sidewalk crack was partly filled and partially covered with dead grass, dirt and debris. The sun was shining brightly at the time she fell. Such was the scene and surroundings of the accident. If plaintiff's evidence is sufficient to go to the jury, it must be based upon the fact that there was a one to one and one-quarter inch raised place in the sidewalk plus the fact that the place was adjacent to a bus stop, that it was a business area and the crack or defect was partially obscured by dead grass, dirt and debris.

■ The trial court, after directing a verdict for defendant, gave the reason therefor and said in part:

"There has not yet in the history of Missouri been a case where our appellate courts have approved a verdict in favor of the plaintiff and against a municipality with respect to a defect that trivial in a sidewalk. The reason of course is that the city must maintain thousands of miles of sidewalks and streets and if along with it goes an obligation to maintain sidewalks as smooth as this floor, it simply couldn't be done, the cost would be prohibitive."

If the court meant that the degree of care required of a city waxed and waned with the mileage of its streets, we disagree. We believe the test is the same for the municipality which maintains ten miles of sidewalks as it is for the city which maintains 10,000 miles of sidewalks. This court in Young v. Kansas City Public Service Co. et al., 255 S.W.2d 113, Syl. 2, declared:

"A municipal corporation has duty to exercise ordinary care to maintain its streets in reasonably safe condition for travel by public."

Missouri courts in numerous opinions have considered the main issue here presented. We shall specifically refer to only a selected few of those decisions.

Plaintiff relies on Butler v. City of University City (Mo.App.), 167 S.W.2d 442; Young v. Kansas City Public Service Co. et al. (Mo.App.), 255 S.W.2d 113; Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, and Seitter v. City of St. Joseph (Mo.App.), 358 S.W.2d 263. In Butler, a sidewalk patch approximately three feet square had sunk below the general level three-fourths of an inch to one and one-half inches. It was ten inches from the curb and at a regular bus stop. The court said, l. c. 445:

"Our problem is to ascertain whether a jury could have reasonably found that the act of defendant, in maintaining the sidewalk in the condition it was in as shown by the evidence, taken in its most favorable aspect to plaintiff's case, subjected persons lawfully using the sidewalk to an unreasonable risk of bodily harm, which risk defendant should have realized."

" * * * A jury might reasonably find that defendant was negligent in permitting a one and a half inch hole to remain in a sidewalk at one location and was not negligent in permitting it to exist at another, depending upon the surrounding circumstances. The facts in the case at bar show that the hole or depression was at one of the busiest corners of the city, adjacent to a bus stop, * * *."

It was held the case was for the jury.

In Young, the hole was at least one inch deep and six inches in diameter and at a regular business district bus stop. It was held the issue was for the jury.

In Taylor, the defect was one and one-half inches deep and eight inches in diameter. It was along a business street occupied by stores. The Supreme Court there held the plaintiff had made a submissible case. Our own court recently reviewed the cases and discussed this problem in the Seitter case. There the injury occurred at a busy street intersection. The defect was a "rut" one and one-half inches deep, four and a half inches wide, and extended the length of the street intersection at 7th and Edmond Streets—a busy intersection in St. Joseph, Missouri. This court affirmed a jury submission and in doing so reviewed many of the opinions of our Missouri courts on this particular point. In Lundahl v. Kansas City (Mo.App.), 209 S.W. 564, the fall was allegedly caused by a difference in elevation of two sidewalk sections amounting to between two and three inches. In its opinion the court said:

" * * * The obstruction may be so great or so slight as that it could be declared to be, or not to be, negligence, as a matter of law. That in the present case is along the border line, and we think it should be left to a jury."

Our attention has been invited to Maxwell v. Kansas City, 227 Mo.App. 234, 52 S.W.2d 487. There the defect was a rise in one slab of the sidewalk of one and one-fourth inches. However the evidence showed that there was a piece of ice in the cavity which plaintiff might have slipped upon. There was no evidence of any additional hazard. There was no proof of the scene being a busy place, a bus stop, and no evidence that the view of the defect was obscured.

We find in 63 C.J.S. Municipal Corporations pages 130 and 136, an attempt to declare generally a rule for determining the question. We quote:

" * * * The depth or height of a defect in a sidewalk cannot alone be the test of whether the municipality is negligent in allowing the defect to continue. In each case the way is to be pronounced sufficient or insufficient as it is or is not reasonably safe for the ordinary purposes of travel under the particular circumstances which exist in connection with that particular case, considering the nature of the place and such reasonable limitations as may be put on the use of the way for travel by virtue of other public necessities, convenience, and safety. * * *"

"* * * No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict a municipality of negligence in permitting its continued existence, and each case must be determined by its surrounding circumstances. So the determination of the question whether a crevice or depression constitutes an actionable defect cannot rest on the depth of the depression in inches only, but consideration must also be given to the amount of travel on the walk, the actual location and nature of the irregularity, and the character of the material of which the pavement or walk is constructed. * * *"

It is not necessary, we believe, in this opinion to review all or even nearly all of the numerous decisions of our appellate courts on this question. In our judgment these opinions hold and declare the law in Missouri to be that the depth of the sidewalk depression or elevation is not the sole factor to be considered in determining if there is, or if there is not, actionable negligence. We consider the appearance of the defect. Was it plainly visible or somewhat obscured by grass, dirt or debris? Was the area a busy place where the pedestrian was required to keep a lookout for traffic, both foot and motor? Was it near a bus stop? Was the location in a rather rural rustic setting where imperfect walks and paths might be expected to be, or was it in a midtown business area where rather good pavement and walks might reasonably be expected to be found?

In the case before us the evidence is definite that the defect was only a few feet from a regular bus stop. Plaintiff's evidence is rather general that the casualty occurred in a business area, but defendant makes no effort to dispute the description of it as a business area. Plaintiff says the defect was not readily apparent, but was rather obscured by dead grass, dirt and debris. In our opinion the evidence does not show absence of actionable negligence as a matter of law. We believe the issue is one for the jury and that it was error to direct a verdict for the defendant.

Defendant on appeal says the judgment in any event should be affirmed because the evidence shows that plaintiff is guilty of contributory negligence as a matter of law. In Kirk v. Kansas City (Mo. App.), 128 S.W.2d 1128, 1133, the court stated the rule as follows:

"* * * The rule in reference to this matter is that if a pedestrian has no knowledge of a defect he has a right to assume that the sidewalk is in a reasonably safe condition and is not required to search for a possible defect or make of himself a sidewalk inspector, but is required to do nothing more than to conduct himself as reasonably prudent persons do under the circumstances. * * *" (Citing cases.)

This specific declaration was recently approved by this court in Seitter v. St. Joseph, supra. We believe it is a correct statement of the applicable test and that plaintiff is not in this case guilty of contributory negligence as a matter of law.

The judgment is reversed and the cause remanded for a new trial.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.