**Rubin RODGERS and Elizabeth Rodgers, Respondents,**

v.

**CITY OF ST. LOUIS, et al., Appellant.**

No. 48684.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 1985.

Eugene H. Fahrenkrog, Jr., Pamela M. Triplett, St. Louis, for respondents.

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Associate City Counselor, Kathleen A. Gormley, Asst. City Counselor, St. Louis, for appellant.

HAROLD L. LOWENSTEIN, Special Judge.

This is a personal injury claim where respondent Elizabeth Rodgers fell on a sidewalk. The petition alleged a slab in the sidewalk was negligently maintained by St. Louis and was 1¼ inches below the rest of walk. A jury awarded Mrs. Rodgers $35,-000 and initially found in favor of the *city* on Mr. Rodgers' consortium claim while putting in damages at zero. After being sent back twice for further deliberation, the jury finally returned a verdict for Mr. Rodgers but assessed his damages at zero. The city appeals both these verdicts.

■ The city's first point is that the Rodgers failed to make a submissible case for the jury because Mrs. Rodgers' testimony that the sidewalk where she fell "didn't look raised" constituted a judicial admission which must be taken as true, and therefore negates a crucial element of the Rodgers' case. A judicial admission is defined in *Beck v. Edison Brother's Stores, Inc.*, 657 S.W.2d 326, 328 (Mo.App.1983), as when "a party testifies unequivocally and understandingly to a material fact peculiarly within her own knowledge."

■ However, when a party's testimony is merely an opinion or an estimate, it does not have the effect of a judicial admission. In *Smith v. Siercks*, 277 S.W.2d 521, 525 (Mo.1955), the supreme court said this rule is especially applicable in the case of an accident or similar event "because in such a case the party's testimony is subject to inexactness of observation and memory." In the present case Mrs. Rodgers was merely giving her opinion on how the sidewalk *looked to her*, not a positive statement of fact as to the actual condition of the sidewalk. The judicial admissions rule is not applicable here.

■ The city's second point the alleged defect of 1¼ inch rise between slabs of the sidewalk was of such a trivial nature that it was not actionable as a matter of law. The

city cites *Taylor v. Kansas City*, 342 Mo. 109, 112 S.W.2d 562, 564 (1937), for the proposition that a municipality is *"not liable* for every defect or obstruction, however slight or trivial, or likely to cause injury, or for every mere inequality or irregularity therein." However, the *Taylor* court went on to hold that with a slant or slope in the surface a sidewalk of 1½ inches in 8 inches, the court would not feel justified in holding, as a matter of law, such a condition is not actionable.

■ Furthermore, in *Fischer v. Kansas City*, 446 S.W.2d 451, 454 (Mo.App.1969), the court held "the depth of the sidewalk depression or elevation is not the sole factor to be considered in determining if there is, or if there is not, actionable negligence." In *Fischer* the plaintiff fell after catching her heel on a raised place in the sidewalk that was one to one and one-quarter inches higher. In the present case the issue of negligence was properly for the jury and the trial court was correct in not directing a verdict for the city.

The third point in contention is whether the trial court's action constituted prejudicial error in allowing references to the Rodgers' impoverished financial condition. In both the opening statement and direct examination their attorney made references to the Rodgers' inability to pay for doctor visits and for certain medicine. The Missouri Supreme Court said in *Pyles v. St. Louis Public Service Company*, 372 S.W.2d 114, 116 (Mo.1963), that a showing of poverty is ordinarily not material to the issues in a damage suit and consequently such evidence should be excluded.

All the Missouri cases the city cites concern a *defendant's* attempt to introduce evidence of poverty in order to show an inability to satisfy a judgment. A defendant's ability to pay has no bearing on its liability or the amount of damages. The *Pyles* case did involve a *plaintiff's* financial status yet the court found the reference "simply a way of attempting to convince the jury the respondent could not afford to loaf and would be back on her job if her physical condition permitted it." *Id.* The supreme court went on to say if the

**44**

remark should have been excluded, the failure of the trial court to do so was not reversible error. The same holds true in this case.

■ The standard of review for this court was set out in *Schmid v. Langenberg*, 526 S.W.2d 940, 946 (Mo.App.1975), where this court quoted *Handshy v. Nolte Petroleum Company*, 421 S.W.2d 198, 202 (Mo.1967). This court will defer to the trial court's rulings "unless it appears that the protested arguments so patently pass legitimate bounds as to be manifestly prejudicial and the ruling of the trial court thereon a clear abuse of discretion." In this case the trial court's rulings did not abuse its discretion, and so the city's third point is denied.

■ The last contention is that the trial court erred in denying a new trial when the jury initially returned inconsistent verdicts by finding in favor of Mrs. Rodgers' claim, but finding against Mr. Rodgers' on his derivative consortium claim. The court in *Burtrum v. U-Haul Company of Southern Missouri*, 658 S.W.2d 70 (Mo.App. 1983), held that when a jury returns verdicts for an injured spouse but against the other on a consortium claim, those verdicts are inconsistent. However, it is possible for the jury to find that although Mrs. Rodgers was injured, Mr. Rodgers sustained no damage. The city asked for a mistrial, and after it was denied, requested the court send back *both* verdicts for consideration by the jury. The court sent back only Mr. Rodgers' verdict. The jury wrote back, "we are totally confused...." The court then instructed the jury to the effect that since it had found for Mrs. Rodgers it must find for her husband, but if it felt he had suffered no damage then it should put in zero damages, or if it found he did have damages the jury should assess that amount. The jury then came back with a verdict for the husband but with no damages.

In *Warner v. Pruett*, 599 S.W.2d 207, 211 (Mo.App.1980), this court held that when a jury returns inconsistent verdicts the trial court, "should have advised the jury that it could not accept the verdicts in the form tendered, and then returned the jury to the jury room for further deliberations." The question presented here is whether error was committed in sending only *one* verdict back to the jury for correction.

The facts here are different than *Warner* where the *direct* claim of the child was denied, but the *derivative* claim of the father was allowed. In that situation clearly *both* verdicts must be sent back for further consideration. But here Mrs. Rodgers' *direct* claim was allowed; her claim is in no way dependent on the consortium verdict. The trial court was not violating the *Warner* holding by sending back only the derivative claim. The intent of the jury here seems ascertainable—it gave an amount to the wife and then denied the husband any damages. There has been no contention by the city of Mrs. Rodgers' verdict being excessive. The verdict against the husband has not been appealed. If any error here occurred, it did not materially affect the merits of the action. Rule 84.13(b).

The judgment is affirmed.

SIMON, P.J., and STEPHAN, J., concur.